UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CAROLYN L. THOMAS, | ) 1:05CV2216 |
| | ) |
| Plaintiff | ) JUDGE LESLEY WELLS |
| | ) (Magistrate Judge Kenneth S. McHargh) |
| v. | ) |
| | ) |
| CLEVELAND MUN. SCH. DIST., | ) |
| | ) |
| Defendant | ) <u>MEMORANDUM</u> |
| | ) <u>AND ORDER</u> |

McHARGH, MAG. J.

The plaintiff Carolyn L. Thomas ("Thomas") filed suit against defendant Cleveland Municipal School District ("CMSD," or "the District") in the Court of Common Pleas for Cuyahoga County. The defendant removed the suit to this district court on Sept. 20, 2005. (Doc. 1.) In her complaint, Thomas alleges three causes of action: 1) her employer (CMSD) refused to accommodate her disability in violation of Ohio Rev. Code (ORC) §§ 4112.01(A), 4112.02, and 4112.99; 2) her employer refused to accommodate her disability in violation of the Americans with Disabilities Act, U.S.C. § 12101 et seq.; and 3) intentional infliction of emotional distress. (Doc. 1, compl.)

Presently before the court is a motion for a protective order, filed by third-party Cuyahoga County Department of Children and Family Services ("DCFS"). The motion is filed in response to a subpoena directed to DCFS, served by defendant CMSD, requesting the production of: "A copy of any and all records relating to the

adoption and/or custody of Dumaria Julius Thomas . . . by Carolyn L. Thomas . . ." (Doc. 10, at 3; Motion exhibit (MX) A.)  DCFS contends that the records requested, as well as any related testimony, are confidential pursuant to Ohio Rev. Code §§ 5153.17 and 2151.421(H), and Ohio Admin. Code (OAC) § 5101:2-24-38.  Id.

## I.  PROTECTIVE ORDER

The Federal Rules of Civil Procedure permit discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party . . ."  Fed. R.Civ. P. 26(b)(1).  The relevance burden is met if the party can show that the discovery sought "appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Generally, "all relevant material is discoverable unless an applicable evidentiary privilege is asserted."  Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).

Under Rule 34, a party must produce all discoverable documents or things responsive to a request that are in the party's possession, custody, or control, which are relevant to the claim or defense of any party, and "the information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  Gile v. United Airlines, Inc., 95 F.3d 492, 495 (7th Cir. 1996).  A non-party may be compelled to produce documents and things pursuant to Rule 45.  Fed. R. Civ. P. 34(c).

A party, or the person from whom discovery is sought, is entitled to request a protective order to preclude or limit any inquiry into certain matters.  Fed. R.Civ. P. 26(c).  Rule 26 sets forth a procedure for limiting even relevant discovery when

necessary.  Tuszkiewicz v. Allen-Bradley Co., Inc., 172 F.R.D. 393, 395 (E.D. Wisc. 1997).  Upon motion, the court may, "for good cause shown," make any order "which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters."  Fed. R. Civ. P. 26(c)(4).

The party seeking a protective order bears the burden of proving that there is "good cause" for such an order.  Pearson, 211 F.3d at 72;  Lewis v. St. Luke's Hosp. Ass'n, 132 F.3d 33, 1997 WL 778410, at *3 (6th Cir. 1997) (TABLE, text in WESTLAW).  The party seeking the order must show good cause by demonstrating a particular need for protection.  Pearson, 211 F.3d at 72.  A demonstration of good cause requires specific and particular demonstrations of fact, not stereotyped or conclusory statements.  Gulf Oil Co. v. Bernard, 452 U.S. 89, 102 n.16 (1981); United States v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

Rule 26 outlines several factors which comprise "good cause" for a protective order; specifically, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Legitimate interests in privacy are among the proper subjects of protection.  Pearson, 211 F.3d at 72. Absent a showing of  "good cause," a motion for a protective order should be denied.  Fed. R. Civ. P. 26(c).

The court will first analyze the theories under which the movants seek protection, and then apply the relevant law to the contested documents, to the extent possible.

## II.  STATUTORY PROVISIONS

The movant DCFS relies on several statutory provisions.  First, reference is made to Ohio Rev. Code § 5153.17, which provides:

> The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of job and family services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17 of the Revised Code, shall be open to inspection by the agency, the director of the county department of job and family services, and by other persons, upon the written permission of the executive secretary.

ORC § 5153.17.  DCFS highlights that records of investigations "shall be confidential." (Doc. 10, at 3.)

Another section specifically concerns the reporting and investigating of cases of child abuse and neglect.  ORC § 2151.421(H).  Relevant provisions include the following:

> (1) Except as provided in divisions (H)(4) and (M) of this section, a report made under this section is confidential. The information provided in a report made pursuant to this section and the name of the person who made the report shall not be released for use, and shall not be used, as evidence in any civil action or proceeding brought against the person who made the report. In a criminal proceeding, the report is admissible in evidence in accordance with the Rules of Evidence and is subject to discovery in accordance with the Rules of Criminal Procedure.

4

> (2) No person shall permit or encourage the unauthorized dissemination of the contents of any report made under this section.
>
> * * * * *
>
> (5) A public children services agency shall advise a person alleged to have inflicted abuse or neglect on a child who is the subject of a report made pursuant to this section, including a report alleging sexual abuse of a child or another type of abuse of a child referred to a children's advocacy center pursuant to an interagency agreement entered into under section 2151.428 of the Revised Code, in writing of the disposition of the investigation. The agency shall not provide to the person any information that identifies the person who made the report, statements of witnesses, or police or other investigative reports.

ORC § 2151.421(H)(1), (2), (5).  Again, DCFS highlights that reports made under this section are confidential, and the unauthorized dissemination of the contents of such a report is not permitted.  (Doc. 10, at 4.)

The administrative rules address confidentiality and dissemination of information relating to child abuse or neglect:  "Each report and investigation of alleged child abuse or neglect is confidential and may be shared only when dissemination is authorized by this rule."  Ohio Admin. Code § 5101:2-24-38(A).  In addition, the rules provide:

> The identities of the reporter and any person providing information during the course of a child abuse or neglect investigation shall remain confidential.  The identities of these individuals shall not be released or affirmed by the PCSA [Public Children Services Agency] to any party except for those listed in paragraphs (B)(1) through (B)(4) of this rule, without the written consent of the individuals involved.  The PCSA shall inform the reporter and any person providing information that a subpoena for judicial testimony may be issued if court intervention is deemed necessary.  The PCSA shall release identities only to the following:

5

    (1) ODJFS [Ohio Department of Job and Family Services] staff with supervisory responsibility for children's protective services;

    (2) Law enforcement officials who are investigating a report of child abuse or neglect or a report that a person violated section 2921.14 of the Revised Code (knowingly making or causing another person to make a false report);

    (3) The county prosecutor who is investigating a report of child abuse or neglect or a report that a person violated section 2921.14 of the Revised Code (knowingly making or causing another person to make a false report);  and

    (4) Any PCSA (in-state or out-of-state) investigating a child abuse or neglect report involving a principal of the case.

OAC § 5101:2-24-38 (B).  DCFS points out that, according to these rules, "the identity of the reporter and any person providing information during the course of a child abuse or neglect investigation must remain confidential."  (Doc. 10, at 5.)

    DCFS contends that the Ohio Supreme Court, in <u>State ex. rel. Beacon Journal Publ. Co. v. City of Akron</u>, 104 Ohio St.3d 399, 819 N.E.2d 1087 (2004) (per curiam), "firmly establish[ed] the confidential nature of the requested documents." (Doc. 10, at 5.)  DCFS argues that ORC § 2151.421(H) "requires the redaction of pertinent personal information concerning abused children even in records not created by a child service agency."  <u>Id.</u> at 6.  Thus, they request that the court issue a protective order with respect to the production of the documents requested.

    Further, they seek to have the court prohibit testimony, either in discovery or at trial, "concerning the contents of these requested records," on the basis that because the information in the records is confidential, any testimony regarding

6

them would also be confidential. Id. (citing <u>Walters v. Enrichment Ctr. of Wishing Well, Inc.</u>, 133 Ohio App.3d 66, 726 N.E.2d 1058 (Ohio Ct. App. 1999)).

Finally, should the court determine that any of the documents requested may be discoverable, the movants ask the court to conduct an *in camera* inspection of the confidential records, and issue a protective order to:

> (1) restrict access to only that which the Court deems discoverable and relevant to this case; (2) redact from any discoverable records those matters which are confidential and not subject to disclosure; and (3) preserve the confidentiality of the matters contained in the records and forbid the unauthorized dissemination of the contents of the records.

(Doc. 10, at 7-8.)

### III. DEFENDANT'S RESPONSE

In response, the defendant CMSD first addresses the issue of relevancy. The District states that Thomas filed an EEOC complaint prior to filing suit, which alleged that she lost her grandson to foster care, and that she had been adopting him. (Doc. 12, at 1-2; DX A, EEOC Intake Questionnaire, at ¶ 8.) The defendant's Director of Equal Employment Opportunity averred that Thomas asserted to her that "the County took her grandson from her because [the District] caused Thomas to be without a job and without pay for a period of ten months." (Id.; Hughes aff., at ¶¶ 3-4.) The complaint alleges that this period of unemployment was due to disability discrimination. (Doc. 1, compl., ¶¶ 10, 17.)

In light of these allegations, the defendant argues that the documents requested are relevant because they are "germane to the reason(s) why Thomas's

7

custody and adoption and/or foster care rights of her grandson were terminated." (Doc. 12, at 3.) The defendant contends that Thomas's employment status did not impact the decision of DCFS to remove her grandson from Thomas's custody, and the evidence which could establish this defense is unavailable elsewhere. Id. at 3-4.

CMSD agrees that DCFS records are afforded confidentiality under ORC § 2151.421. However, CMSD argues that the confidentiality is not absolute. Thomas has put at issue the loss of custody and termination of adoption or foster care rights concerning her grandson. The defendant claims that the information in the records "may reveal another reason or reasons" for the loss of custody rights. (Doc. 12, at 3-5.) The defendant has met its burden to show that the discovery sought is relevant, and "appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R.Civ. P. 26(b)(1).

## IV. ANALYSIS

Both parties rely primarily on Ohio law regarding the confidentiality of the DCFS documents at issue. The Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship. Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 566 (6th Cir. 2001) (citing Gafford v. Gen. Elec. Co., 997 F.2d 150, 165 (6th Cir. 1993)). Because discovery disputes in federal court are governed by federal law, the state statutory confidentiality provisions which have been invoked do not directly govern the dispute. Pearson,

211 F.3d at 61; Seales v. Macomb County, 226 F.R.D. 572, 576 (E.D. Mich. 2005). See also Doe v. District of Columbia, No. CIV.A.03-1789, 2005 WL 1787683, at *5 (D. D.C. July 5, 2005) (citing Seales). As discussed earlier, under Rule 26, all relevant material is discoverable unless it is privileged. Pearson, 211 F.3d at 65.

State statutory provisions providing confidentiality "do not automatically imply the creation of evidentiary privileges binding on courts." Id. at 68. In some instances, a statute providing for a duty of confidentiality (without expressly creating an evidentiary privilege) may be interpreted by courts "as creating an evidentiary privilege of one kind or another." Id. at 68-69.

Considerations of comity require the court to consider the confidentiality interests outlined under state law, but in the end, there must be a federal privilege in order to keep relevant evidence from the defendant. Pearson, 211 F.3d at 69; Seales, 226 F.R.D. at 577. This district court must apply only those privileges recognized as such by the federal courts. See Pearson, 211 F.3d at 65-66; Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992). Here, it is less than clear whether the Ohio statutes at issue create an evidentiary privilege even under state law. See, e.g., Swartzentruber v. Orrville Grace Brethren Church, 163 Ohio App.3d 96, 100, 836 N.E.2d 619, 621 (Ohio Ct. App. 2005) (finding privilege); Walters, 133 Ohio App.3d at 73, 726 N.E.2d at 1063 (finding privilege); but see Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987) (no absolute privilege under Penn. statutes); State v. Sahady, No. 83247, 2004 WL 1472087, at *5 (Ohio Ct. App. July 1, 2004) (not absolutely privileged). See also Grantz v. Discovery For Youth, No. CA2004-09-216,

9

2005 WL 406211, at *3 (Ohio Ct. App. Feb. 22, 2005) (confidentiality of juvenile records not absolute).

In <u>State ex. rel. Beacon Journal Publ. Co. v. City of Akron</u>, the Ohio Supreme Court reviewed the granting of a writ of mandamus to compel the City of Akron and its police chief to disclose police reports in two cases, one alleging child abuse, and another alleging rape. <u>Beacon Journal</u>, 104 Ohio St.3d at 401-404, 819 N.E.2d at 1090-1092. The court stated that mandamus was the appropriate remedy to seek compliance with the state's Public Records Act, Ohio Rev. Code § 149.43. Under state law, "R.C. 149.43 must be construed liberally in favor of broad access to records kept by public offices, and any doubt is to be resolved in favor of disclosure of the records." Akron had asserted that the records were exempt because their release was prohibited by law under ORC § 149.43(A)(1)(v), but the court noted that any exceptions were strictly construed in favor of disclosure. <u>Id.</u> at 404, 819 N.E.2d at 1092.

The allegations of child abuse or neglect implicated ORC § 2151.421. The court noted that "child abuse investigation reports" are confidential under ORC § 2151.421(H)(1). <u>Id.</u> at 405, 819 N.E.2d at 1093. However, the court pointed out that, "reports that document child abuse are not necessarily confidential child-abuse investigatory records under R.C. 2151.421(H)(1)." <u>Id.</u> at 406, 819 N.E.2d at 1094. The court ruled that the statute was not "intended to mandate absolute confidentiality or a total bar on disclosure in some circumstances." Not everything contained in the child services agency's files is "confidential." <u>Id.</u>

The Ohio high court in Beacon Journal drew a distinction between "confidential child-abuse investigatory reports," as mandated by the statute, and other reports not encompassed by the statute, such as "police investigatory reports." Id. at 406-408, 819 N.E.2d at 1094-1095.  In sum, the court found that "reports of abuse . . . are not automatically entitled to confidentiality . . . [if] they are not reports specified in the statute."  Id. at 408, 819 N.E.2d at 1096.

In Child Care Provider Certif. Dept. v. Harris, No. 82966, 2003 WL 22862894, at *2 (Ohio Ct. App. Dec. 4, 2003), the court ruled that, although DCFS records "are afforded confidentiality under R.C. 5153.17 and R.C. 2151.421(H)(1), this confidentiality is not absolute."  In Harris, the court of appeals was reviewing an administrative revocation of a child care provider's certification.  The court found that the lower court "did not afford Harris any opportunity to present a defense to the evidence relied on against her."  Harris, 2003 WL 22862894, at *2.  The court ruled that the confidentiality concerns underlying the statutes had to yield to the defendant's due process rights.  Id. at *2-*3.

The Harris court outlined the proper procedure for determining the availability of records of DCFS child neglect investigations.  The trial court should conduct an inspection *in camera* to determine the following:

> 1) whether the records are necessary and relevant to the pending action; 2) whether good cause has been shown by the person seeking disclosure; and 3) whether their admission outweighs the confidentiality considerations set forth in R.C. 5153.17 and R.C. 2151.421(H)(1).

11

Harris, 2003 WL 22862894, at *2 (citing Johnson v. Johnson, 134 Ohio App.3d 579, 585, 731 N.E.2d 1144 (Ohio Ct. App. 1999)).  As to the third factor, the court found that access may be required "when the records are material to the defense or fair trial considerations are at stake."  Id.  See generally Ritchie, 480 U.S. at 57 (disclosure where material to defense of criminal defendant).

State v. Sahady involved a sexual predator classification hearing.  The trial court ordered production of DCFS records without a prior *in camera* review.  The court of appeals rejected the state's position that the records were absolutely privileged:  "Where the records are necessary and relevant to the proceeding and good cause for disclosure has been shown, access to the records may be warranted."  Sahady, 2004 WL 1472087, at *5.  However, the court found an abuse of discretion in ordering DCFS to produce documents without the lower court's first reviewing them *in camera*.  Id.

Movant DCFS also seeks to prohibit testimony, either in discovery or at trial, "concerning the contents of these requested records," because any testimony regarding them would also be confidential.  Doc. 10, at 6-7.  In support, DCFS cites Walters v. Enrichment Ctr. of Wishing Well, Inc.  In Walters, the court upheld the denial of a motion to compel, finding that "not only are the reports of known or suspected abuse protected against use in civil litigation, but so also is the information contained within the reports."  Walters, 133 Ohio App.3d at 73, 726 N.E.2d at 1063.

The sweeping position taken by the court in <u>Walters</u>, while having a certain logic, has been undermined by subsequent decisions (discussed above) which take a more nuanced approach to the confidentiality statutes.  See <u>Beacon Journal</u>, 104 Ohio St.3d at 401-404, 406, 819 N.E.2d at 1090-1092, 1094 (statute not intended to mandate absolute confidentiality; not everything in agency's files is "confidential"); <u>Sahady</u>, 2004 WL 1472087, at *5; <u>Harris</u>, 2003 WL 22862894, at *2-*3.

DCFS has not identified a federal privilege under which the requested documents would be protected from disclosure.  <u>See generally</u> doc. 10, at 3-7.  However, Ohio's legitimate confidentiality concerns can be addressed through the use of a protective order.  See <u>Pearson</u>, 211 F.3d at 72; <u>Seales</u>, 226 F.R.D. at 577.  Both the movant and the defendant urge the court to conduct an inspection *in camera* of the disputed documents.  (Doc. 10, at 7-9; doc. 12, at 3-5.)

The court will conduct an inspection *in camera* of the DCFS records relating to the adoption or custody of Dumaria Julius Thomas by plaintiff Thomas to determine whether the records are necessary and relevant, whether good cause has been shown by the defendant, and whether the admission of the DCFS records outweighs the confidentiality considerations set forth in ORC §§ 5153.17 and 2151.421(H)(1).  <u>Harris</u>, 2003 WL 22862894, at *2; <u>Johnson</u>, 134 Ohio App.3d at 585, 731 N.E.2d at 1148.

13

## V.  SUMMARY

The motion for a protective order (doc. 10) is granted in part, in that the court will conduct an inspection *in camera* of the DCFS records at issue.  Having conducted such a review, the court will determine whether and to what extent any of the records are discoverable, and the court will then address the specific requests for protection (doc. 10, at 7-8) put forward by DCFS.

DCFS is directed to deliver copies of the documents requested in defendant's subpoena to the chambers of the undersigned Magistrate Judge, at 801 West Superior Avenue, Suite 9B, Cleveland, Ohio, on or before Monday, March 6, 2006.

IT IS SO ORDERED.


Dated:   Feb. 21, 2006                                      /s/ Kenneth S. McHargh
                                                                                            Kenneth S. McHargh
                                                                                            United States Magistrate Judge